**He Xiong QIU, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

**Docket No. 02–4726.**

United States Court of Appeals, Second Circuit.

Sept. 6, 2005.

Douglas B. Payne, New York, NY, for Petitioner.

Brian P. Leaming, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, Sandra S. Glover, Assistant United States Attorney, on the brief), for Respondent.

Present: JACOBS, KATZMANN, and HALL, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition be **DENIED.**

He Xiong Qiu, a native and citizen of the People's Republic of China, petitions for review of an October 8, 2002 order of the Board of Immigration Appeals ("BIA") summarily affirming the April 26, 2000 order of the Immigration Judge ("IJ"), denying his request for asylum, withholding of deportation and relief under the Convention Against Torture. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

The IJ's "findings of fact are conclusive unless any reasonable adjudicator would

be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) ("We review the factual findings underlying the BIA's determinations under the substantial evidence standard, reversing only if 'no reasonable fact-finder could have failed to find' that petitioner suffered past persecution or had a well-founded fear of future persecution or torture.") (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). "When a factual challenge pertains to a credibility finding made by an IJ and adopted by the BIA, we afford 'particular deference' in applying the substantial evidence standard." *Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004) (quoting *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997)); *see also Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003) (where, as in this case, the BIA summarily affirms the IJ's decision and adopts the IJ's reasoning, we review the decision of the IJ directly).

The IJ found Qiu not credible based on: (1) inconsistencies between his asylum application and his hearing testimony; (2) implausibilities in Qiu's story; (3) Qiu's concession that he made up the story contained in his initial asylum application to obtain a work authorization card; and (4) Qiu's demeanor, including "slow" and "hesitant" answers to questions regarding dates, and "evasive and unresponsive" answers to the government's questions on cross-examination. The IJ's determination was supported by substantial evidence. Qiu's asylum application was therefore appropriately denied. As Qiu's asylum claim fails, so must his withholding of removal claim. *See Zhang,* 386 F.3d at 71 ("Because the two forms of relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding."). Similarly, substantial evidence supports the IJ's determination that Qiu failed to establish that he would more likely than not be tortured upon his return to China. *See Wang v. Ashcroft,* 320 F.3d 130, 134, 144 (2d Cir.2003).

We have considered all of Qiu's claims and find them to be without merit. The petition is hereby **DENIED.**